THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| PK FENSKE-BUCHANAN, | ) | No. 2:11-CV-1656-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | STIPULATED PROTECTIVE ORDER |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., BAC HOME | ) | |
| LOANS SERVICING L.P., and | ) | |
| CORPORATE JOHN DOES (1-10), | ) | |
| | ) | |
| Defendants. | ) | |

It is hereby ORDERED as follows:

Certain documents and tangible things produced by the parties in response to any interrogatory or request for production may be subject to the terms and conditions herein. For purposes of this Stipulated Protective Order, the word "documents" shall have the meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure, and its meaning includes, but is not limited to: (1) written, electronic, recorded, or graphic matter; (2) interrogatory answers filed in this action; (3) requests to admit and responses thereto filed in this action; (4) transcripts of and exhibits to depositions; (5) and any portions of any court papers filed in this action that quote from or summarize any of these items.

In no event shall any material obtained through discovery in this litigation be used for any purpose whatsoever other than those related to this litigation.

## 1. DESIGNATION

If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request are confidential and should not be disclosed other than in connection with this civil action and pursuant to this Stipulated Protective Order, the party or attorney requesting confidentiality (the "Designating Party") shall stamp each such document or other material as "**CONFIDENTIAL – Subject to Protective Order**." With respect to deposition exhibits, it shall be the duty of the Designating Party to designate as confidential the exhibits to which confidentiality is claimed at the time of the deposition or within fifteen (15) days after receiving the deposition transcript.

## 2. TYPE AND CATEGORIES OF DOCUMENTS SUBJECT TO ORDER

The parties have requested and may continue to request certain documents of one another that the respective producing party contends contain confidential information, and that are subject to protection as confidential under Rule 26(c)(1)(H) of the Federal Rules of Civil Procedure, and *Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003).

The documents and materials subject to designation as "**CONFIDENTIAL"** include, but are not limited to, documents and materials that contain information that is proprietary in nature; contains trade secrets; contains employee information; contains agent or subcontractor information; or contains non-party consumer-specific information and documents, including private consumer information that contains identifying, contact or private financial information provided by or concerning a consumer, including documents relating to individual loans, and any "nonpublic personal information" as identified by the Gramm-

Leach-Bliley Act, 15 U.S.C. § 6801 et seq., and other equivalent privacy laws.

**3.     ACCESS TO CONFIDENTIAL INFORMATION**

Except as hereinafter provided, material marked or otherwise designated as "**CONFIDENTIAL**" shall not be disclosed to any person except:

(1)     The parties;

(2)     Counsel of record for the parties, consisting of Lane Powell PC, Patterson Buchanan Fobes Leitch & Kalzer, Inc., P.S., including attorneys for the respective firms and supporting personnel employed by the firms, such as paralegals, legal translators, legal secretaries, law clerks, and litigation support employees;

(3)     Outside counsel for Defendant Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP ("BANA"), Reed Smith LLP, including attorneys and supporting personnel employed by Reed Smith LLP, such as paralegals, legal translators, legal secretaries, law clerks, and litigation support employees;

(4)     Experts retained by counsel to assist in this litigation; provided, however, that any such expert has signed an undertaking in the form of the attached Exhibit A, the original of which will be maintained by counsel for the party retaining such expert;

(5)     Other individuals or entities retained by counsel identified in paragraphs (1) and (2) above specifically engaged to assist in this litigation, including litigation consultants, electronic discovery consultants, jury consultants, and mock jurors selected by counsel in preparation for trial; provided, however, that the person or entity has signed an undertaking in the form attached as Exhibit A, the original of which will be maintained by counsel retaining such individuals or entities and need not be disclosed except upon Court order;

(6)     Witnesses at a deposition, subject to the provisions related to use of confidential information at a deposition provided in section 5 below.

(7)     Witnesses at trial; provided, however, that any such witness has signed an undertaking

in the form attached as Exhibit A or states on the record that the witness agrees to be bound by the terms of this Stipulated Protective Order;

(8) The Court, its officers and staff, and court stenographers while engaged in the performance of their official duties; and

(9) Mediators in this action who have first signed a certificate identical to Exhibit A or who have otherwise agreed to be bound by this Order.

## 4. PARTY'S RIGHT TO DESIGNATE TESTIMONY

Any deposition or other testimony may be designated as confidential by counsel for the Designating Party by any of the following means:

(a) Stating orally on the record of a deposition that certain information or testimony is Confidential – Subject to Protective Order, or that the entire deposition transcript is so designated; or

(b) Sending written notice within fifteen (15) days of receipt of the deposition transcript designating all or a portion of the transcript as confidential. The deposition testimony shall be treated as confidential prior to the expiration of this period.

## 5. USE OF INFORMATION

Information designated as "**CONFIDENTIAL**" shall be held in confidence by each person to whom it is disclosed, shall be used only in connection with this litigation, shall not be used for any business purpose unrelated to this action. No party or attorney or other person subject to this Stipulated Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Stipulated Protective Order. All produced confidential information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Nothing herein, however, is intended to prohibit or proscribe the ability of outside counsel to provide to their client informed and meaningful

STIPULATED PROTECTIVE ORDER - 4
Case No. 2:11-cv-1656-MJP

advice, or to prevent counsel from aggregating such information or summarizing such information for the client so long as it will not reveal or disclose confidential information.

Any party seeking to use confidential information during a deposition shall obtain a statement on the record that the deponent and any other persons in attendance have agreed to abide by the terms of this Stipulated Protective Order. If the deponent refuses to agree, disclosure of such information to the witness during the deposition shall not constitute a waiver of confidentiality, provided that, under such circumstances, the witness shall be asked to read and sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent. The terms of this Stipulated Protective Order shall apply to those persons in attendance at depositions and shall require the exclusion of persons not subject to the terms of the Stipulated Protective Order from attending that portion of the deposition at which confidential information is discussed.

If any party or attorney wishes to file or use as an exhibit or as evidence at a hearing or trial in this civil action, any "**CONFIDENTIAL**" document or other material, he or she must provide reasonable notice to the party that produced the document or other material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either: (a) removing the "**CONFIDENTIAL**" marking; or (b) creating a mutually acceptable redacted version that suffices for purposes of this civil action. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to this Court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or other material should be withheld from the public record. *See, e.g.*, *Press-Enterprise Co. v. Superior Court,* 478 U.S. 1, 8-9 (1986); *Virginia Dept. Of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

## 6. CHALLENGES TO DESIGNATIONS AND FILING OF CONFIDENTIAL DOCUMENTS

If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute between them. If they are unsuccessful, the party or attorney seeking the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion with this Court. Until such time as the Court has ruled on any such motion, the protections under this Stipulated Protective Order shall apply to the disputed designation.

To the extent that a non-producing party wishes to include documents marked "**CONFIDENTIAL**" in a filing (other than the motion referred to herein), the burden will be on the party advocating the sealing of documents to demonstrate the need for such protection and that the requirements set forth in *Foltz* have been met.

The parties further agree to follow and abide by the provisions of LR 5(g) in the filing of any sealed pleadings in this matter.

## 7. RETURN OF DOCUMENTS

The terms of this Stipulated Protective Order shall survive and remain in full force and effect after the termination of this litigation. Within sixty (60) days after final conclusion of all aspects of this litigation, all confidential documents subject hereto and all copies of the same (other than those filed with the Court) shall be returned to the party or person that produced such documents or, at the option of the producer, destroyed; provided, however, that counsel for the parties shall be entitled to retain memoranda or pleadings embodying information derived from such confidential material, to the extent reasonably necessary to preserve a file on this litigation, which information shall not be disclosed to any other person. All deposition transcripts and exhibits and any other material returned to the parties or their counsel by the Court that contain confidential material shall also be destroyed or returned as set forth above.

## 8. APPLICATION TO COURT

Notwithstanding anything to the contrary set forth herein, each party shall have the right to apply to the Court at any time for an order granting other or additional protective relief with respect to any confidential material, and the right to apply to the Court at any time for an order modifying or lifting the protective order for good cause shown.

## 9. REQUEST FOR CONFIDENTIAL DOCUMENTS

If any party receives a subpoena or any other notice requesting documents designated as confidential pursuant to the terms of this Stipulated Protective Order, that party must notify counsel for the Designating Party before responding to the subpoena.

## 10. EFFECT OF DESIGNATION ON AUTHENTICITY AND ADMISSIBILITY

The placing of any confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.

Nothing contained in this Stipulated Protective Order, and no action taken pursuant to it, shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of any document or information, whether confidential or not.

## 11. INADVERTENT PRODUCTION

The inadvertent production of any confidential, privileged or otherwise protected material shall not be deemed a waiver or impairment of any claim of confidentiality, privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof.

Upon receipt of notice of such inadvertent production from the producing Party, the receiving Party shall, within seven (7) business days of such notice, either (a) return all copies of such document(s) to the producing Party other than copies containing attorney's notes or other attorney work product that may have been placed thereon by counsel for the receiving

Party and shall destroy all copies of such documents that contain such notes or other attorney work product or (b) shall apply to the Court for resolution if the producing Parties' claim of inadvertent production is disputed.

## 12. CONTINUING JURISDICTION

All provisions of this Stipulated Protective Order shall continue to be binding after the conclusion of this action in its entirety, unless subsequently modified by agreement between the parties or order of the Court, and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Stipulated Protective Order.

IT IS SO STIPULATED:

*Attorneys for Defendant Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP ("BANA"):*

Date:_____         LANE POWELL PC

                              By:_____
                                 John S. Devlin III, WSBA No. 23988

*Attorneys for PK Fenske-Buchanan:*

Date:_____         PATTERSON BUCHANAN FOBES LEITCH
                            & KALZER, INC., P.S.

                              By:_____
                                 Michael A. Patterson, WSBA No. 7976

STIPULATED PROTECTIVE ORDER - 8
Case No. 2:11-cv-1656-MJP

1 **IT IS SO ORDERED.**

2 DATED this __16th__ day of _____March_____, 2012.

*[signature: Marsha J. Pechman]*

Marsha J. Pechman
United States District Judge

STIPULATED PROTECTIVE ORDER - 9
Case No. 2:11-cv-1656-MJP

# **EXHIBIT A**

I hereby certify my understanding that Confidential documents or information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order dated _____, 2012, in *PK Fenske-Buchanan v. Bank of America, N.A.*, United States District Court, Western District of Washington, Case No. 2:11-CV-1656-MJP. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not disclose Confidential Information to anyone, except as allowed by the Order. I will keep all such Confidential documents and information in a secure place and in a secure manner to prevent unauthorized access to it. No later than 30 days after the termination of this action, I will return all such confidential documents or information, and any copies, notes, extracts, synopses, and/or summaries of such information that I create or that comes within my control to the attorney(s) who first provided it to me, or by whom I have been retained in this matter, or, alternatively, at my election, I will destroy such Confidential documents or information. I hereby consent to be subject to the personal jurisdiction of the United States District Court, Western District of Washington, with respect to any proceedings relative to the enforcement of that Order, including without limitation any proceeding related to contempt of court.

Dated: _____   _____

    AFFILIATION   _____

STIPULATED PROTECTIVE ORDER - 10
Case No. 2:11-cv-1656-MJP